IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VALUEPART, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06 C 2709 |
| v. | ) |
| | ) Wayne R. Andersen |
| BRETT CLEMENTS, SHANNON | ) District Judge |
| MURPHY, ITR NORTH AMERICA, & | ) |
| USCO SpA, | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Plaintiff ValuePart, Inc. ("ValuePart") to disqualify attorney Robert W. McIntyre and all lawyers in the firm McIntyre, Kahn & Kruse from representing Defendants. For the following reasons, the motion to disqualify is granted.

### BACKGROUND

ValuePart filed this action against its former President Brett Clemens, Shannon Murphy, ITR North America and USCO SpA for breach of fiduciary duty and misappropriation of confidential information belonging to ValuePart. Robert McIntyre has filed an appearance on behalf of the Defendants in this case.

Mr. McIntyre and his firm McIntyre, Kahn & Kruse have previously represented Plaintiff ValuePart on various matters, including representation of ValuePart in litigation and intellectual property matters. Mr. McIntyre's prior representation of ValuePart may also involve work that is at the center of this litigation–the protection of ValuePart's alleged confidential and proprietary information. On May 25, 2006, one of Mr. McIntyre's partners sent a letter to ValuePart purporting to "terminat[e] its representation of ValuePart, Inc. ("VPI") effective

immediately." The letter further stated that the McIntyre firm had decided not to represent ValuePart in two ongoing matters because it had learned that ValuePart had chosen to sue Mr. Clemens.

## DISCUSSION

### I. MR. MCINTYRE IS PRECLUDED FROM REPRESENTING DEFENDANTS IN THIS ACTION BECAUSE HE SIMULTANEOUSLY REPRESENTED ADVERSE PARTIES IN DEROGATION OF LOCAL RULE 83.51.7.

The United States District Court for the Northern District of Illinois Local Rule 83.51.7 states in relevant part that:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless: (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and (2) each client consents after disclosure.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after disclosure....

Thus, a lawyer is not permitted to simultaneously represent adverse parties absent both a reasonable belief that the clients will not be negatively impacted and the clients consent to representation.

In this case, Mr. McIntyre was representing ValuePart in ongoing matters at the same time he was representing Defendants in this action. ValuePart did not consent to Mr. McIntyre's representation of both ValuePart and Defendants.

Mr. McIntyre cannot credibly maintain that ValuePart was a former client when he accepted the engagement to represent current clients, Mr. Clemens, Ms. Murphy, ITR North America, and USCO SpA adverse to ValuePart. Barely a week after ValuePart had commenced

2

this May 16 lawsuit against Defendants, Mr. McIntyre's firm attempted to terminate its legal relationship with ValuePart by sending ValuePart a May 25 letter notifying it that the McIntyre "firm is terminating its representation of ValuePart ... effective immediately." Within 8 days of the May 25 letter, Mr. McIntyre and his firm had sued ValuePart on behalf of the Italian company that essentially serves as ITR North America's parent, USCO SpA. *(See USCO SpA v. ValuePart, Inc., et al.,* Case No. 06 C 3042 before Judge John W. Darrah in the U.S. District Court for the Northern District of Illinois, Eastern Division, now terminated.)

When a lawyer or law firm suddenly finds itself in a situation of simultaneously representing clients who either are presently adverse or are on the verge of becoming adverse, it may not simply to drop one client "like a hot potato" in order to treat it as though it were a former client for the purpose of resolving a conflict of interest dispute. *See Alex Munoz General Contractor, Inc. v. MC3D, Inc.*, 1998 WL 831806, *3 (N.D. Ill. Nov. 25, 1998) (holding that a law firm "cannot drop [its client] like a 'hot potato' merely because it wishes to represent a more lucrative client against a less lucrative one."); *see also Santacroce v. Neff,* 134 F. Supp. 2d 366, 367 (D. N.J. 2001) (holding that "[t]he 'Hot Potato Doctrine' has evolved to prevent attorneys from dropping one client like a 'hot potato' to avoid conflict with another, more remunerative client."); *Int'l Longshoremen's Assn Local Union 1331 v. Int'l Longshoremen's Assn,* 909 F. Supp. 287, 293 (E.D. Pa. 1995).

A lawyer's withdrawal from representing a client only renders the client a former client when: (1) it occurs at a time when the lawyer and the client had contemplated the end of the representation; and (2) the lawyer's primary motivation for terminating the relationship was not his desire to represent the new client. *See* ABA Lawyers' Manual on Professional Conduct

§51:218 (2006). In this case, it appears that ValuePart was not at a point where it contemplated the end of its attorney-client relationship with Mr. McIntyre or his firm. The McIntyre firm unilaterally severed the relationship without warning and not because of any natural conclusion or closure of the pending matters in which the firm was representing ValuePart. Mr. McIntyre's firm was plainly still handling ongoing matters for ValuePart when it elected to "fire the client" in order to pursue the interests of other clients (USCO SpA, ITR North America, Clemens, and Murphy) adverse to ValuePart. Mr. McIntyre's partner's express rationale for terminating the attorney-client relationship with ValuePart was to represent Defendants instead. *(See* May 25, 2006 letter.)

Therefore, we find that Mr. McIntyre is disqualified from representing Defendants in this action due to the conflict of interest that exists with his representation of ValuePart.

## II. MR. MCINTYRE IS PRECLUDED FROM REPRESENTING DEFENDANTS IN THIS ACTION BECAUSE HIS PAST REPRESENTATION OF VALUEPART IN A SUBSTANTIALLY RELATED MATTER VIOLATES RULE 83.51.9.

Even if ValuePart were considered to be Mr. McIntyre's former client, the Rules of Professional Conduct still instruct that a conflict exists such that Mr. McIntyre's representation of Defendants is barred. Local Rule 83.51.9 states that:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client consents after disclosure.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which the firm with which the lawyer formerly was associated had previously represented a client, (1) whose interests are materially adverse to that person, and (2) about whom the lawyer had acquired information protected by LR83.51.6 and LR83.51.9 that is material to the matter, unless the former client consents after disclosure. A lawyer who has formerly represented a client in a matter or whose present or former law firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as LR83.51.6

4

or LR83.53.3 would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as LR83.51.6 or LR83.53.3 would permit or require with respect to a client.

Thus, a lawyer may not represent a new client against a former client if the matters are substantially related.

In this case, ValuePart's case against Defendants centers on Defendants' alleged theft and misuse of ValuePart's confidential and proprietary business information. ValuePart claims that, in the course of the McIntyre firm's representation of ValuePart, the firm drafted or reviewed agreements pertaining to the non-disclosure of confidential information and counseled ValuePart regarding the terms of such a nondisclosure agreement.

Moreover, ValuePart is at a disadvantage of not knowing the extent to which Mr. McIntyre and his firm advised Defendant Clemens while he was acting as ValuePart's President. As stated in ValuePart's complaint, the e-mail and back-up tape rotations at ValuePart allegedly were changed at some point in December 2005, and ValuePart has limited e-mails from that time. Mr. Clemens controlled the communications between ValuePart and Mr. McIntyre and his firm. Thus, when Mr. Clemens entrusted Mr. McIntyre and his firm with ValuePart's confidentiality, Mr. McIntyre and his firm cannot now breach that confidentiality.

For these reasons, we find that Mr. McIntyre is precluded from representing Defendants in this action because his past representation of ValuePart appears to be substantially related to the issues presented in this case.

## CONCLUSION

For the foregoing reasons, we grant the motion of ValuePart, Inc. to disqualify attorney Robert McIntyre and all lawyers in the firm McIntyre, Kahn & Kruse from representing Defendants ITR North America, Brett Clemens, Shannon Murphy and USCO SpA in this case. ( # 20). Mr. McIntyre and his firm may not, therefore, have any involvement in this case.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: AUG 2 - 2006